# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia
Plaintiff Below, Respondent**

**vs)  No. 15-0584** (Marion County 14-F-38)

**John H. Knoll
Defendant Below, Petitioner**

**FILED**

**September 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John H. Knoll, by counsel William L. Pennington and James B. Zimarowski, appeals his March 25, 2015, conviction on three charges of uttering and one charge of fraudulent schemes. Respondent State of West Virginia, by counsel Jonathan Porter, filed a summary response in support of the circuit court's order. Petitioner filed a reply. Petitioner argues that the circuit court did not properly instruct the jury; erred in denying his motion for judgment of acquittal; and erred in denying his motion for a new trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is one of the five sons of Fred and Hazel Knoll of Marion County. Upon the death of petitioner's father in November of 1994, petitioner's mother was appointed as the administratrix of his estate.[1] At the time of his death, petitioner's father owned seven antique cars.[2] On May 11, 1999, petitioner's mother recorded the appraisement of petitioner's father's estate. None of the seven antique cars owned by petitioner's father were included in the appraisement. However, the cars remained in the possession of petitioner's mother and were often displayed in local parades and car shows.

As his mother aged, petitioner assumed the role of her caregiver. On November 3, 2006, petitioner's mother died intestate. One of petitioner's brothers was appointed as administrator of their mother's estate. Like the appraisement of petitioner's father's estate, the appraisement of

---

[1]Petitioner's father died intestate.

[2]Petitioner, like his father, enjoyed collecting and restoring antique cars.

1

petitioner's mother's estate did not include the antique vehicles which had been owned by petitioner's father at the time of his death.[3]

In May of 2007, the administrator of petitioner's mother's estate contacted the West Virginia Department of Motor Vehicles ("DMV") to obtain copies of the title documentation to the four antique vehicles, that petitioner's mother owned at the time of her death.[4] The title documentation showed that the titles to the four vehicles were transferred from petitioner's father to petitioner. Petitioner's brothers alleged that petitioner forged title transfer papers to the four vehicles using his father's name, and presented the fraudulent paperwork to the DMV.[5]

On February 2, 2014, petitioner was indicted by the Marion County Grand Jury, in a seven count indictment.[6] A jury trial was completed, and, on March 26, 2015, petitioner was convicted of three counts of uttering and one count of fraudulent scheme.[7] Trial testimony established that petitioner's brothers knew that petitioner took possession of the vehicles at issue after the death of their father and that the vehicles were housed in garages that petitioner maintained. However, the brothers did not know that petitioner transferred or had transferred the titles to these vehicles to himself.

On April 3, 2015, petitioner's trial counsel filed a motion for judgment of acquittal in which he argued that there was insufficient evidence to establish petitioner's guilt on the charges of uttering. Petitioner also argued that the indictment was defective and that the circuit court gave an improper jury instruction. The trial court denied petitioner's motion for judgment of acquittal by order entered April 10, 2015. Thereafter, petitioner obtained new counsel and, on May 20, 2015, a motion for new trial and a motion in arrest of judgment were filed on

---

[3]Prior to her death, petitioner's mother conveyed the titles of three of the seven antique vehicles to new owners. Neither party argues that the transfer of the titles of these three vehicles was fraudulent or improper.

[4]These four vehicles included a 1920 Ford, 1930 Chevrolet, 1927 Ford, and a 1938 Chevrolet.

[5]The titles to the four vehicles were transferred three and a half years after the death of petitioner's father, but prior to the death of petitioner's mother. Evidence was presented at trial that petitioner's mother could not have signed petitioner's father's name to the title transfer paperwork due to a physical disability. At trial, petitioner testified that he did not forge his father's name on the title transfer paperwork submitted to the DMV. Petitioner stated that he did not know when his father's name was signed or who signed his father's name to the titles.

[6]The indictment against petitioner charged him with three counts of forgery (in violation of West Virginia Code § 61-4-5(a)), three counts of uttering (in violation of West Virginia Code § 61-4-5(a)), and one count of fraudulent schemes (in violation of West Virginia Code §§ 61-3-24d and 61-3-13(a)).

[7]Petitioner was acquitted of the three counts of forgery.

2

petitioner's behalf. On May 29, 2015, the trial court heard arguments on petitioner's post-trial motions. Said motions were denied by the trial court's order entered June 2, 2015.

On May 29, 2015, petitioner was sentenced to one to ten years imprisonment for each of the three counts of uttering and one count of fraudulent schemes, with the sentences to be served concurrently. However, the trial court suspended petitioner's sentences and placed him on probation for not more than five years and ordered restitution (i.e., the court ordered the titles of the four motor vehicles be transferred to the Estate of Fred Knoll). The trial court's sentencing order was entered June 2, 2015. This appeal follows.

On appeal, petitioner raises four assignment of error. First, petitioner argues that the trial court erred in failing to properly instruct the jury on the elements of the offense of uttering.[8] As to jury instructions, we have held that

> [j]ury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not misled by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. The trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law.

*State v. Guthrie*, 194 W.Va. 657, 671, 461 S.E.2d 163, 177 (1995).

Rule 30 of the West Virginia Rules of Criminal Procedure, provides, in part, that

> No party may assign as error the giving or refusal of to give instruction . . . unless that party objects thereto before the arguments to the jury are begun, stating distinctly the matter to which that party objects and the grounds of the objection; but the court or any appellate court may, in the interest of justice, notice plain error in the giving or refusal to give an instruction, whether or not it has been made the subject of objection.

In the case *sub judice*, petitioner acknowledges that his trial counsel made no objection to the court's instruction to the jury as to the elements of the charges of uttering, but argues that the court's incomplete instruction was plain error. *See State v. Miller* 194 W.Va. 3, 459 S.E.2d 114

---

[8]As to the uttering charges, the jury was instructed (separately as to each of the three charges) as follows:

> Before the defendant, John H. Knoll, can be convicted of uttering as charged . . . the State of West Virginia must overcome the presumption that the defendant, John H. Knoll, is innocent and prove to the satisfaction of the jury, beyond a reasonable doubt, that 1) The Defendant, John H. Knoll, 2) in Marion County, West Virginia, 3) On or about the twenty-first day of March, 1997, 4) Did utter or attempt to employ as true, 5) A forged writing, to wit: Assignment of title for . . . , 6) Knowing it to be forged.

(1995).[9]  Respondent argues that the jury was properly instructed and that petitioner did not establish that the allegedly improper jury instruction was plain error. We agree. Following our review of the record herein, when considered as a whole, we find that the jury's instructions were sufficient and properly instructed the jury as to the elements of the offense of uttering under West Virginia Code § 61-4-5(a).

In his second assignment of error petitioner alleges that the trial court erred in denying petitioner's post-trial motion for judgment of acquittal. Petitioner claims that the evidence proffered at trial is insufficient to support his conviction; that the indictment returned against him is insufficient and defective; and the jury's verdict was inconsistent.  When discussing a motion for an acquittal, we have previously held that

> [t]he trial court's disposition of a motion for judgment of acquittal is subject to our *de novo* review; therefore, this Court, like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt.

*State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). In addressing petitioner's claims that the evidence presented at trial was insufficient to support a conviction. We have held that

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Petitioner contends that the State's case was devoid of any evidence with respect to the presentment (or employ) of the forged writings, a necessary element of the offense of uttering. While petitioner acknowledged that the forged titles made their way to the DMV, he argues that there was no evidence to establish that he was the person who submitted the forged titles to the DMV. Respondent argues that there was sufficient evidence presented at trial to support a jury

---

[9]*See also* Syl. Pt. 8, *State v. Thompson*, 220 W.Va. 398, 647 S.E.2d 834 (2004) (stating that plain error should be exercised sparingly only to avoid a miscarriage of justice and should be reserved for the correction of those few errors that affect the fairness, integrity, or public reputation of the judicial proceedings).

4

verdict. We agree. Based upon our review of the record herein, the jury heard evidence that petitioner had access to the vehicles and their titles and further that the titles were, in fact, transferred to petitioner's name.

As to the indictment returned against him, petitioner argues that the indictment charging the offense of uttering included language similar to a charge of forgery and, thus, failed to allege the act of uttering. As such, petitioner contends the indictment was insufficient. With respect to indictments, we have held that "[g]enerally, the sufficiency of an indictment is reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." Syl. Pt. 2, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996). Further, in syllabus point one, in part, of *State v. Mullins*, 181 W.Va. 415, 383 S.E.2d 47 (1989), we held that "[a]n indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." (Citation omitted.)

In the instant case, the indictment returned against petitioner included the date, the actions allegedly taken by petitioner, the vehicle, and referenced the code section allegedly violated. Respondent argues, and we agree, that it is nonsensical for the petitioner to argue that he did not know the offenses charged in the indictment since he presented a defense to these charges. Clearly, the jurors understood the difference between the forgery and uttering charges against petitioner as the jury convicted petitioner of uttering but not forgery. We further note that petitioner made no objection to the indictment below and that any alleged defects to the indictment do not rise to the level of plain error.

Petitioner also contends that the circuit court erred in denying his motion for judgment of acquittal as the verdict returned by the jury herein was inconsistent. Petitioner was acquitted of three counts of forgery, but convicted on three associated counts of uttering – which requires the presentation of a document known to be forged. Thus, petitioner implies that the jury must have ignored or misunderstood the instructions of the court concerning the elements of uttering. Respondent argues that the jury verdict was not inconsistent, as it was possible for the jury to have found that petitioner did not forge the titles at issue but nonetheless knew the documents were forged and still uttered them. We agree and find that the jury's verdict was not inconsistent.[10]

In his third and fourth assignments of error, petitioner contends that the trial court erred in denying his post-trial motion for a new trial based on ineffective assistance of counsel. We have long held that

---

[10]We further note our discussion of inconsistent verdicts in *State v. Hall* 174 W.Va. 599, 328 S.E.2d 506 (1985), wherein we referenced the United States Supreme Court's ruling in *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471 (1984), in which that court concluded that appellate review of a claim of inconsistent verdicts is not generally available.

[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). We have further held that

[t]he very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

*Miller*, 194 W.Va. at 15, 459 S.E.2d at 126. On appeal, petitioner contends that his trial counsel was ineffective in three ways: (1) failing to effectively use or seek admission of the appraisements of the Estates of Fred and Hazel Knoll; (2) failing to employ a handwriting expert; and (3) failing to move for judgment of acquittal at the conclusion of the State's case-in-chief. Based upon our review of the same, we find that the record herein is insufficient to determine if trial counsel's decisions were strategic or ineffective. Thus, we decline to address petitioner's claims on direct appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  September 16, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

6